UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CIVIL ACTION NO. _____

**ELECTRONICALLY FILED**

ROBIN BENNETT                                                                                  PLAINTIFF

v.                               **NOTICE OF REMOVAL**

HYUNDAI MOTOR AMERICA                                                           DEFENDANT

\* \* \* \* \*

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Hyundai Motor America ("HMA"), by counsel, files this Notice of Removal from Woodford Circuit Court, Woodford County, Kentucky to the United States District Court for the Eastern District of Kentucky, Central Division, at Lexington.

The United States District Court for the Eastern District of Kentucky, Central Division, at Lexington, has original subject matter jurisdiction in this civil action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Under 28 U.S.C. § 1441(b), no party defendant in this action is a citizen of Kentucky, the state in which this action was filed.

The grounds for removal are as follows:

**THE REMOVED CASE**

1. The removed case is a civil action filed on or about September 21, 2020, in Woodford Circuit Court, Woodford County, Kentucky, having been assigned Case No.

20-CI-00211, and captioned *Robin Bennett v. Hyundai Motor America* (See Complaint, attached as part of Exhibit A).

2. This case presents a product liability case between Plaintiff and HMA, which stems from a head-on motor vehicle collision. Plaintiff alleges that the vehicle she was driving at the time of the collision, a 2018 Hyundai Santa Fe, was defective in that it had inadequate safety measures to prevent her from harm in the collision. Plaintiff asserts traditional product liability claims against HMA, including strict liability in defective design, manufacture, and failure to warn, as well as negligence and punitive damages.

**PAPERS FROM REMOVED ACTION**

3. As required by 28 U.S.C. § 1446(a), attached as Exhibit B are copies of all process, pleadings, orders and other papers or exhibits served upon HMA or filed in the state court.

**THE REMOVAL IS TIMELY**

4. Plaintiff commenced this action on September 21, 2020. HMA was served with the Complaint on September 29, 2020. Therefore, this Notice of Removal is timely filed within thirty days of receipt of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, under 28 U.S.C. § 1446(b)(1), and within one year of commencement of the action under 28 U.S.C. § 1446(c)(1).

**THE VENUE REQUIREMENT IS MET**

5. Venue of this removal is proper under 28 U.S.C. § 1441(a) to the United States District Court for the Eastern District of Kentucky, Central Division, at Lexington,

because the Woodford Circuit Court, Woodford County, Kentucky is within the Eastern District of Kentucky, Central Division, at Lexington.

## DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

6. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

7. Plaintiff's Complaint alleges that she is and was a resident of Woodford County Kentucky. (Ex. A, Complaint ¶ 1). Accordingly, Plaintiff is now and was at all relevant times a citizen of Kentucky for purposes of determining diversity.

8. HMA is, and was at the time this action was filed, a California corporation with its principal place of business in California. Accordingly, HMA is now and was at all relevant times a citizen of California for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

9. Because Plaintiff is a citizen of Kentucky and HMA is not, complete diversity exists between the parties under 28 U.S.C. § 1332.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

10. Plaintiff's Complaint does not state a specific dollar amount of damages.

11. Despite the lack of a demand for a specific dollar amount in the Complaint, a cause of action may be removed where the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Hayes v. Equitable Energy*

*Resources Co.*, 266 F.3d 560 (6th Cir. 2001).  This is accomplished where a "fair reading of the complaint shows that more than $75,000 is in controversy."  *Fryrear v. Medtronic, Inc.*, 2015 U.S. Dist. LEXIS 48095, at * 7 (W.D. Ky. Apr. 13, 2015); *see also Hacker v. Aetna Life Ins. Co.*, 2019 U.S. Dist. LEXIS 23937, at *6 (E.D. Ky. Feb. 13, 2019) (finding the amount in controversy met and repeating "the Sixth Circuit's unambiguous words [from *Hayes*]: a removing defendant need not 'research, state and prove the plaintiff's claim for damages.'").

12.   The removing defendant can sufficiently establish the amount in controversy based upon the "extensive relief sought by [p]laintiffs in their original complaint."  *Fryrear*, 2015 U.S. Dist. LEXIS 48095 at * 7.  In *Fryrear*, the court found that the defendants had sufficiently established that the amount in controversy exceeded $75,000 based upon "the allegations of the complaint" which included: "severe injuries and damages, including but not limited to chronic pain and radiculitis, and emotional distress and mental anguish" as well as "economic losses, including loss of earnings and diminution of the loss of earning capacity and expected future medical expenses" and "punitive damages."  *Id.*

13.   Requests for attorney's fees and punitive damages are also considered in determining whether the amount in controversy requirement is satisfied.  *See Allstate Ins. Co. v. Blankenship*, 2005 U.S. Dist. LEXIS 18636, at *18 (E.D. Ky. Aug. 30, 2005) ("Punitive damages have been found to be properly considered in determining whether the amount in controversy exceeds the jurisdictional minimum, and punitive damages may be aggregated with actual damages to meet the amount in controversy requirement") (citing

*Bell v. Preferred Life Assur. Soc., Etc.*, 320 U.S. 238, 240 (1943); *Charvat v. GVN Mich., Inc.*, 561 F.3d 623 (6th Cir. 2009); *Jenkins v. Delta Air Lines, Inc.*, 2018 U.S. Dist. LEXIS 215861, at *4 (W.D. Ky. Dec. 21, 2018) (combining compensatory damages with attorney's fees and punitive damages to find that the amount in controversy exceeded $75,000) (citations omitted).

14. It is readily apparent from the face of Plaintiff's Complaint that the amount in controversy exceeds $75,000. Plaintiff claims she suffered "serious injuries and damages" and that she is "permanently disabled." (Complaint at ¶¶ 7, 15, and 16). Plaintiff alleges damages including: "lost wages, destruction of earning capacity, past medical bills, past pain and suffering, mental anguish, current and future medical bills, loss of consortium[1] and current pain and suffering." *Id.* at ¶ 16. Plaintiff also seeks recovery of attorney's fees and punitive damages against HMA. *Id.* at ¶¶ 4 and 5 (of the Wherefore Clause).

15. Additionally, the Kentucky Uniform Traffic Collision Report indicates the severity of this head-on collision. (*See* Collision Report, Exhibit C). All parties involved in the collision were transported to the University of Kentucky Emergency Room for "incapacitating" injuries. *Id.* at p. 2; *see also* Kentucky Uniform Collision Report Codes, p. 2. Moreover, both vehicles from the collision were reported to have sustained "very severe" damage. *Id.* at 3-4.

---

[1] Plaintiff's spouse, if any, is not party to this suit. The statute of limitations on any loss of consortium claim has expired. As a result, it is unclear why Plaintiff claims damages for "loss of consortium" in her Complaint.

16.     Based on Plaintiff's allegations in the Complaint and the severity of the collision, but without waiving any applicable defenses that HMA may have, the amount in controversy will, more than likely, exceed $75,000 as required by 28 U.S.C. § 1332, exclusive of interest and costs.

## FILING OF REMOVAL PAPERS

17.     Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served upon all parties, and a Notice of Filing Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court in and for Woodford County, Kentucky.  A true and correct copy of this Notice is attached as Exhibit D.

18.     Thus, the state-court action may be removed to this Court by HMA and in accordance with the provisions of 28 U.S.C. § 1441(a) because (1) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of Kentucky, Central Division, at Lexington; (2) the parties to this action are citizens of different states; and (3) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## RESERVATION OF RIGHTS

19.     HMA reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove this case.

20.     HMA reserves all defenses and objections and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses or objections.

WHEREFORE, HMA hereby removes the above-captioned action from the Circuit Court in and for Woodford County, Kentucky, and requests that further proceedings be conducted in this Court as provided by law.

    Respectfully submitted,

    /s/ Christopher L. Jackson
    David T. Schaefer
    Christopher L. Jackson
    DINSMORE & SHOHL LLP
    100 West Main Street, Suite 900
    Lexington, Kentucky 40507
    Phone: (859) 425-1000
    Fax: (859) 425-1099
    david.schaefer@dinsmore.com
    christopher.jackson@dinsmore.com
    *Counsel for Defendant,*
    *Hyundai Motor America*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was this 19th day of October, 2020 electronically filed through the CM/ECF system and a copy served upon:

Dawn McCauley
144 West Main Street
Lebanon, Kentucky 40033
*Counsel for Plaintiff*

/s/ Christopher L. Jackson
*Counsel for Defendant,*
*Hyundai Motor America*

16995202.1